**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association; its successors and/or assigns,<br><br>    Plaintiff,<br><br>vs.<br><br>Norma Sandoval; Does I through X,<br><br>    Defendants. | No. CV-10-0346-PHX-NVW<br><br>**ORDER** |

On February 11, 2010, Plaintiff Federal National Mortgage Association ("Fannie Mae"), a federally chartered corporation, initiated a forcible detainer and money damages action against Defendant Sandoval in Arizona state court. Sandoval removed the action to this Court on February 18, 2010; however, because she failed to adequately establish removal jurisdiction at that time, the Court issued an order to show cause why the case should not be remanded (doc. # 10). Now pending is Sandoval's Amended Notice of Removal (doc. # 11), Fannie Mae's Motion to Remand (doc. # 13), and Sandoval's Response (doc. # 14).

**I.     Legal Standard**

A district court may exercise removal jurisdiction only if it would have original subject matter jurisdiction over the action as originally brought by the plaintiff. 28 U.S.C. § 1441(a); *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998). A case is therefore removable if either diversity or federal question jurisdiction exists. *Hunter v. Philip*

*Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). Because there is a strong presumption against removal jurisdiction, the removing party bears the burden of establishing that removal is proper and any doubt or ambiguity must be resolved in favor of remand. *Id.*; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

**II.   Analysis**

**A.   Diversity Jurisdiction**

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity of citizenship exists only where there is complete diversity, that is, "where the citizenship of each plaintiff is different from that of each defendant." *Hunter*, 582 F.3d at 1043. As for the amount in controversy, the Court may consider the complaint, facts presented in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here the amount in controversy does not exceed $75,000. Fannie Mae's action is for forcible detainer and money damages. Because the sole issue in a forcible detainer action is the right of possession, not title, there is no amount in controversy in the absence of other relief sought. *See First Horizon Home Loan v. Medley*, No. CV-08-2158-PHX-DKD, 2009 WL 2905719, at *2, 2009 U.S Dist. LEXIS 86297, at *5-6 (D. Ariz. Sept. 9, 2009) (citing A.R.S. § 12-1177(A)). As for the money damages, Fannie Mae seeks only the fair rental value of the premises at the rate of $30 per day from December 3, 2009, until the date of judgment. That amount would exceed $75,000 only in the very unlikely event that judgment is not rendered for more than five years. Therefore, diversity jurisdiction is lacking in this case.

**B. Federal Question Jurisdiction**

Federal question jurisdiction exists in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, it exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hunter*, 582 F.3d at 1042. With certain narrow exceptions, it does not arise from a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 1042-43 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)) (internal quotes omitted). Therefore, the plaintiff can "avoid federal jurisdiction by relying exclusively on state law." *Id.* at 1042 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1101, 1106 (9th Cir. 2000)) (internal quotes omitted).

There is no federal question jurisdiction in this case because Fannie Mae's sole claim is for forcible detainer and money damages under state law. Sandoval's allusions to violations of her Fifth and Fourteenth Amendment due process rights are insufficient because defenses arising under federal law provide no basis for federal question jurisdiction except in limited circumstances not present in this case.

IT IS THEREFORE ORDERED that Plaintiff Federal National Mortgage Association's Motion to Remand (doc. # 13) is granted.

IT IS FURTHER ORDERED that the Clerk shall remand this case to the Arizona Superior Court, Maricopa County.

DATED this 30th day of April, 2010.

_____
Neil V. Wake
United States District Judge